CASE 45—PETITION EQUITY—December 18.

## Geiger & Board v. McLin.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. The act, entitled "An act to incorporate the Kentucky Masonic Life Insurance Company," approved December 18, 1867, is constitutional.
2. Every holder of a policy is a member of the corporation, and as such has an interest in it in the character of a stockholder, and that interest is exempted from seizure for debt.
3. But money due to the representative of a deceased member is not an interest in the institution. The debt due from the company to him should be subjected to the appellants' debt.

Geiger & Board v. McLin.

:S. MARBLE & SON FOR APPELLANTS.

1. The act to incorporate the Kentucky Masonic Mutual Insurance Company, approved December 18, 1867, is unconstitutional and void. It relates to more than one subject. (Chiles v. Thomas, 4 Met., 75; 12 Bush, 396.)

2. After the death of Jno. McLin the insurance money to which appellee was entitled was his as the creditor of the company, and subject to appellants' debt.

W. H. CALVERT FOR APPELLEE.

1. The act is constitutional, and the matters legislated upon have a natural relation to the title. (2 Met., 221-2; 8 Bush, 112.)

2. The act provides that the object of the creation of the company was, that a fund should be created for the benefit of the widows and children of deceased members that could not be subjected to legal process.

JUDGE COFER DELIVERED THE OPINION OF THE COURT

John J. McLin was a member of the "Kentucky Masonic Mutual Life Insurance Company." By his death his son, George H. McLin, became entitled to receive from the company, on account of his father's membership, something over one hundred dollars. This sum was attached in the hands of the company by George's creditors, the appellants.

Without controverting the demand against him, or the grounds for the attachment, he claimed that his interest in the money could not be subjected to his debts, because of section 12 of the company's charter, which reads as follows:

"No part of the stock or interest which any member, or his widow or children, may have in said *institution* shall be subject to any debt, liability, or legal or equitable process against him or any of them."

The court below adjudged in favor of the appellee, and appellants' counsel contend that the ruling was erroneous, because they say section 12 of the charter is unconstitutional.

This is claimed on the ground that it relates to a subject different and distinct from that expressed in the title.

The act is entitled, ''An act to incorporate the Kentucky Masonic Mutual Life Insurance Company,'' and we think there is a natural connection between the title and the section in question. It relates to the stock and interest of the members in the corporation, and the act being intended, as is expressly declared on its face, to provide a charity for the widows and orphans of Master Masons, to exempt their interest in the corporation from seizure for debt was clearly so connected with the subject of the act as to bring it within the rule laid down in numerous cases decided by this court.

But we do not regard the language of the section *supra* as warranting the construction put upon it by counsel and the court below.

Every holder of a policy is a member of the corporation, and as such has an interest in it, in the character of a stockholder, and it is that interest, and that alone, which, in our opinion, is exempted from seizure for debt.

The money due to the representatives of a deceased member is in no sense an interest ''in said institution.'' It is a debt due from it to them, not as share-holders, but as creditors.

We are therefore of the opinion that the court erred in not subjecting so much of the money due the appellee from the company as was necessary to satisfy appellants' debt.

Judgment reversed, and cause remanded for further proper proceedings.